STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ROBINSON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ROBINSON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ROBINSON
2020 OK 100
Case Number: SCBD-6982
Decided: 12/07/2020
As Corrected: December 9, 2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 100, __ P.3d __

 

FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION. 



State of Oklahoma ex rel. Oklahoma Bar Association, Complainant,
v.
Eugene Robinson, Respondent.

ORDER OF IMMEDIATE INTERIM SUSPENSION

¶1 Respondent Eugene Robinson was charged with nine counts of failure to account for and to pay over withholding and FICA (Social Security Taxes) as to Firm Employees in violation of 26 U.S.C. § 7202.[1] Robinson pled guilty to counts one through nine. He was sentenced to probation for a term of five years as to counts one through nine to run concurrently, and to home detention for eight months except for employment and approved activities. Robinson was ordered to pay restitution in the amount of $159,121.05.
¶2 The Oklahoma Bar Association (OBA), in compliance with Rules 7.1 and 7.2 of the Rules Governing Disciplinary Proceedings (RGDP), has forwarded to this Court certified copies of the 1) Information, 2) Petition to Enter Plea of Guilty and Order Entering Plea, and 3) Judgment in a Criminal Case, filed in United States of America v. Eugene Robinson, Case No. 19-CR-266 before the United States for the Northern District of Oklahoma.
¶3 Rule 7.3 of the RGDP provides that "upon receipt of the certified copies of Judgment and Sentence on a plea of guilty, order deferring judgment and sentence, indictment or information and the judgment and sentence, the Supreme Court may direct the lawyer to file a statement, to show cause, if any the lawyer has, why an order of immediate interim suspension from the practice of law should not be entered. Upon good cause shown, the Court may decline to enter an order of immediate interim suspension when it appears to be in the interest of justice to do so, due regard being had to maintaining the integrity of and confidence in the profession. If good cause is not shown, the Court may by order immediately suspend the lawyer from the practice of law until further order of the Court."
¶4 On October 1, 2020, this Court directed Robinson to show cause why he should not be immediately interim suspended from the practice of law. Robinson responded that he has been in good standing with the Oklahoma Bar Association for 37 years and never had a bar complaint. He states that he has tried to a verdict over 300 jury trials and enjoys a good reputation with the bench and bar. During a period of financial difficulty, Robinson states he thought he would be able to work out a payment plan with the IRS, but instead he received a Notice of Criminal Investigation. Robinson states that these are his first criminal charges, he took full responsibility, and he needs to maintain his bar license in order to pay the restitution of $159,121.05. He requests dismissal of the Rule 7 proceeding for want of evidence that he is unfit to practice law.
¶5 The Oklahoma Bar Association submits that nine felony convictions for crimes that involve the misappropriation of money being held in trust for taxes facially demonstrates unfitness to practice law, and brings discredit to the legal profession in violation of the Rule 1.3, RGDP. The OBA states that Respondent, as an employer, was required to withhold federal income and FICA taxes from employees' wages and to pay them to the IRS on their behalf. These funds are called trust fund taxes because the employer, Respondent's law office, is essentially holding in trust money taken from employees' wages until it is remitted to the IRS. The OBA states that with the guilty pleas, it is not disputed that Respondent was ultimately the person responsible to collect and remit the withheld taxes, and that Respondent misappropriated tax trust funds that did not belong to him, which were being held in trust for the United States to apply to the tax obligations of employees of his law office. The OBA submits that the Respondent's convictions involve dishonesty and a breach of trust and facially demonstrate unfitness to practice law, which warrants entry of an immediate interim suspension.
¶6 Rule 7.2 of the RGDP provides that a certified copy of a plea of guilty, an order deferring judgment and sentence, or information and judgment and sentence of conviction "shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules."
¶7 In the Petition to Enter Plea of Guilty and Order Entering Plea, Robinson represented to the Court that he had the responsibility of ensuring that taxes withheld from the Firm's employees' paychecks were paid over quarterly to the government. Robinson states that for each quarterly tax period beginning in October 2013 through December 2015 (nine quarters), he withheld taxes but did not pay over those taxes to the IRS. He admits he knew he had an obligation to pay over the taxes but did not do so.
¶8 After review of the responses and certified copies of the papers and orders submitted, this Court finds that Robinson's conduct involves dishonesty and breach of trust, which facially demonstrates unfitness to practice law and warrants entry of an immediate interim suspension. This Court orders that Eugene Robinson is immediately suspended from the practice of law.
¶9 Pursuant to Rule 7.4 of the RGDP, Eugene Robinson has until December 23, 2020, to show cause in writing why a final order of discipline should not be imposed, to request a hearing, or to file a brief and any evidence tending to mitigate the severity of discipline. The OBA has until January 7, 2021, to respond.
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE on December 7, 2020.

/S/CHIEF JUSTICE
ALL JUSTICES CONCUR.

FOOTNOTES

[1] §7202. Willful failure to collect or pay over tax
Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA