STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ROBINSON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ROBINSON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ROBINSON
2021 OK 10
Case Number: SCBD-6982
Decided: 03/01/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 10, __ P.3d __

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
EUGENE ROBINSON, Respondent.

ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 The State of Oklahoma ex rel. Oklahoma Bar Association (Complainant) has presented this Court with an application to approve the resignation of Eugene Robinson (Respondent), OBA No. 10119, from membership in the Oklahoma Bar Association. Respondent requests that he be allowed to relinquish his license to practice law and to resign his bar membership pending disciplinary proceedings, as detailed in his affidavit prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011 ch.1, app. 1-A. As provided in Rule 8.2 of the RGDP, we "may enter an order approving the resignation pending disciplinary proceedings" upon the filing of Respondent's affidavit in this Court.

¶2 Upon consideration of Complainant's application and Respondent's affidavit in support of resignation, THE COURT FINDS AND HOLDS:

¶3 Respondent was admitted to membership in the Oklahoma Bar Association on April 22, 1983. On December 7, 2020, this Court entered an interim order immediately suspending Respondent from the practice of law. See State ex rel. Okla. Bar Ass'n v. Robinson, 2020 OK 100. On January 13, 2021--during the pendency of disciplinary proceedings against him--Respondent executed his written affidavit of resignation from membership in the Oklahoma Bar Association. Complainant transmitted the affidavit of resignation and filed an application for the Court's order approving Respondent's resignation on January 21, 2021.

¶4 Respondent's affidavit of resignation reflects that: (a) his resignation is freely and voluntarily rendered; (b) he was not subject to coercion or duress; and (c) he is fully aware of the legal consequences of submitting his resignation.

¶5 The affidavit of resignation states Respondent's awareness that the Oklahoma Bar Association had initiated a disciplinary case against him pursuant to Rule 7 of the RGDP, arising from his federal felony convictions in United States of America v. Eugene Robinson, Case No. 19-CR-266, United States District Court for the Northern District of Oklahoma. Respondent admits the following in his affidavit:

On March 12, 2020 in the Federal District Court for the Northern District of Oklahoma I pleaded guilty to nine (9) felony counts of Failure to Account for and Pay Over Withholding and FICA (Social Security Taxes) in violation of 26 U.S.C. § 7202. Pursuant to my pleas of guilty, I was sentenced on August 28, 2020 to probation for a term of five (5) years as to counts one through nine (said terms [to] run concurrently each with the other along with home detention for a period of 8 months), and also ordered to pay restitution in the amount of $159,121.05.

¶6 Respondent acknowledges that the above-stated federal felony convictions would constitute violations of the provisions of Rules 8.4(a) and 8.4(c) of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011, ch. 1, app. 3-A, along with Rule 1.3 of the RGDP and his Oath of Attorney.

¶7 Respondent is aware of this Court's Order of Immediate Interim Suspension entered on December 7, 2020, and he understands the implications thereof. He further states his awareness that resignation pending disciplinary proceedings pursuant to Rule 8.2 of the RGDP may be either approved or disapproved, within the discretion of the Supreme Court of Oklahoma.

¶8 Respondent agrees to comply with the notification requirements of Rule 9.1 of the RGDP, and he acknowledges that his license to practice law may be reinstated only upon full compliance with the conditions and procedures prescribed by Rule 11 of the RGDP.

¶9 Respondent recognizes, understands, and agrees that he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the expiration of five years from the effective date of this Order.

¶10 Respondent affirms that potential claims against the Client Security Fund are not applicable in this case (because his federal convictions do not involve misconduct relating to client funds), but that he has been ordered by the United States District Court for the Northern District of Oklahoma to make restitution in the amount of $159,121.05 to the United States Government (Internal Revenue Service).

¶11 Respondent states that he will surrender his Oklahoma Bar Association membership card to the Office of the General Counsel.

¶12 Respondent acknowledges and agrees that he will cooperate with the Office of the General Counsel in the task of identifying (a) any active client cases wherein documents and files need to be returned or forwarded to new counsel, and (b) any client case where fees or refunds are owed by him.

¶13 Respondent acknowledges that Complainant has incurred costs in the investigation and prosecution of this matter, and agrees he is responsible for reimbursement of these costs.

¶14 The official roster address of Respondent, as shown by the Oklahoma Bar Association's records, is: 7170 South Braden Avenue, Suite 170, Tulsa, Oklahoma 74136.

¶15 Respondent's resignation pending disciplinary proceedings is in compliance with the requirements set forth in Rule 8.1 of the RGDP, and the same should be approved.

¶16 IT IS THEREFORE ORDERED THAT the resignation of Eugene Robinson tendered during the pendency of disciplinary proceedings be approved, and that his resignation is deemed effective on the date it was filed in this Court, January 21, 2021.

¶17 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys, and--because an attorney's resignation pending disciplinary proceedings is tantamount to disbarment--he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five years from the effective date of this Order (January 21, 2021); additionally, Respondent shall comply in all respects with the notification requirements of RGDP 9.1.

¶18 IT IS FURTHER ORDERED that Complainant's application for reimbursement of costs is sustained. Respondent shall pay costs in the amount of $68.90 within thirty (30) days from the date of this Order. Any consideration of a future Rule 11 petition for reinstatement is conditioned upon such payment.

¶19 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 1st day of March, 2021.

/S/CHIEF JUSTICE

¶20 DARBY, C.J., KANE, V.C.J., KAUGER, WINCHESTER, EDMONDSON, COMBS, GURICH AND ROWE, JJ., CONCUR.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2020 OK 100, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ROBINSON
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA